UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAVID TRUDEAUX,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

A-26-CV-987-DAE
A-09-CR-084-LY-1

## ORDER

Before the Court is Petitioner David Trudeaux's Petition for Writ of Error *Coram Nobis*. (ECF No. 1). For the following reasons, the Petition is **DENIED**.

## BACKGROUND

In 2010, Trudeaux pleaded guilty to conspiracy to possess with intent to distribute cocaine and conspiracy to launder monetary instruments in Cause No. 1-09-CR-084-LY-1. Assistant Federal Defender William H. Ibbotson was appointed to represent Trudeaux in his criminal proceeding. On May 24, 2010, United States District Judge Lee Yeakel sentenced Trudeaux to a total concurrent term of imprisonment of fifty-one months and a total three-year term of supervised release, and ordered Trudeaux to pay criminal monetary penalties.

Trudeaux did not file a direct appeal. In 2011, Trudeaux filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (§ 2255 motion) in Cause No. 1-11-CV-448-LY, which was referred to United States Magistrate Judge Andrew W. Austin for findings and recommendations. The basis of the § 2255 motion was that Mr. Ibbotson, Trudeaux's appointed defense counsel, provided ineffective assistance at the plea, pre-sentencing, and sentencing stages

1

of the proceedings and that Mr. Ibbotson had a conflict of interest due to his former representation of Trudeaux's co-conspirator, Brandi Smith.

On December 20, 2011, Judge Austin held an evidentiary hearing on the issue of whether Mr. Ibbotson had an actual conflict of interest and, if so, whether that actual conflict adversely affected counsel's performance. Judge Austin appointed attorney David Lein to represent Trudeaux at the evidentiary hearing. Having determined following the evidentiary hearing that no conflict of interest existed, Judge Austin filed a report and recommendation recommending that Trudeaux's § 2255 motion be denied. In an amended order entered on August 7, 2012, Judge Yeakel overruled Trudeaux's objections, accepted and adopted the report and recommendation, denied Trudeaux's § 2255 motion, and denied a certificate of appealability.

Trudeaux sought a certificate of appealability in the Fifth Circuit Court of Appeals to appeal the denial of his § 2255 motion, raising only the conflict-of-interest issue. However, Trudeaux did not make the required showing for a certificate of appealability, and his request was denied on January 30, 2013. *United States v. Trudeaux*, No. 12-50845 (5th Cir. 2013).

Trudeaux's three-year term of supervised release began on September 3, 2013, and expired on September 2, 2016.[1] Almost six years later, on August 5, 2022, Trudeaux filed his first petition for writ of error *coram nobis* in Cause No. 1:22-CV-797-LY, alleging various grounds of prosecutorial misconduct, ineffective assistance of counsel, and trial court error in connection with his criminal proceeding. He further alleged various points of "judicial error" and errors by his appointed counsel during his § 2255 proceeding. After the Government filed its response,

---

[1] Judge Yeakel transferred the jurisdiction of Trudeaux's supervised release to the Western District of Arkansas on October 17, 2013. A portal search by the U.S. Probation Office, Western District of Texas, indicated that Trudeaux's term of supervise release expired in the Western District of Arkansas on September 2, 2016.

Trudeaux filed a reply, alleging due process and equal protection violations resulting from the prosecutorial misconduct.

On January 9, 2023, Judge Yeakel denied the *coram nobis* petition, finding that Trudeaux's claim of ineffective assistance of counsel based on the conflict of interest had been fully litigated at both the district court level and in a collateral attack via § 2255. Judge Yeakel further determined that Trudeaux failed to provide sound reasons for not asserting his claims of due process and equal protection violations resulting from alleged prosecutorial misconduct in a § 2255 motion while he was in custody and for failing to exercise reasonable diligence in seeking prompt relief.

Trudeaux appealed the denial of his *coram nobis* petition to the Fifth Circuit. On September 21, 2023, the Fifth Circuit affirmed the denial, holding as follows:

> Trudeaux's alleged conflict of interest claim has already been fully litigated in a 28 U.S.C. § 2255 motion. Asserting a claim previously presented in a § 2255 motion does not amount to the necessary showing of a complete miscarriage of justice. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). As for his claims that the trial court erred by appointing counsel without inquiry into potential conflict, his trial counsel failed to relay a plea offer, and that prosecutorial misconduct occurred, he has not shown he exercised reasonable diligence in raising these claims. [*United States v. Dyer*, 136 F.3d 417, 427 (5th Cir. 1998)]. Lastly, because it was not presented to the district court, we will not consider his claim that counsel violated his due process rights. *See Morris v. Livingston*, 739 F.3d 740, 752-53 (5th Cir. 2014).

*United States v. Trudeaux*, No. 23-50132, Doc. 47-2 (5th Cir. 2023). The Appeals Court denied Trudeaux's petition for rehearing on January 4, 2024. *See* No. 23-50132, Doc. 55-2. On March 9, 2026, Trudeaux filed the pending Petition for Writ of Error *Coram Nobis*, asserting five grounds for relief:

1. Ground One: prosecutorial misconduct based on the Government's breach of a cooperation agreement;

2. Ground Two: structural conflict of interest and denial of Sixth Amendment right to counsel based on Mr. Ibbotson's prior representation of co-conspirator Brandi Smith;

3

3. Ground Three: prosecutorial misconduct based on an "ex parte" communication between the assistant U.S. attorney (AUSA) and Mr. Ibbotson, wherein the AUSA advised Mr. Ibbotson that there was no conflict of interest due to his prior representation of Brandi Smith;

4. Ground Four: prosecutorial "breach" based on the Government's failure to honor a plea deal offered in exchange for Trudeaux's cooperation, then using Trudeaux's cooperating against him; and,

5. Ground Five: cumulative due process violations based on the Government's breach of a cooperation agreement; structural conflict of interest; "ex parte prosecutorial interference"; counsel's concealment of material plea terms; "multiple broken promises," and the use of conflicted counsel to secure cooperation.

(ECF No. 1 at 10-14). Trudeaux further alleges there are sound reasons for his delay in bringing his claims. He alleges that he only became aware of some of the grounds of prosecutorial misconduct at his evidentiary hearing on the § 2255 motion, but he lacked the legal training to understand the significance of the purported misconduct. (*Id.* at 8-9). Trudeaux further alleges that, during his first *coram nobis* proceeding in 2022, he became severely depressed due to having to care for his elderly mother and was diagnosed with severe major depressive disorder (recurrent) and hypogonadism. (*Id.* at 9). He alleges that the symptoms he experiences as a result of these conditions, in addition to his attention deficit hyperactivity disorder and the side effects of medications prescribed as treatment, prevented him from preparing his second *coram nobis* petition at an earlier date. (*Id.*). He further states that he "lost six of his immediate family" members over the last year. (*Id.*).

Finally, Trudeaux asserts that, as a convicted felon, he faces the continuing collateral consequences of loss of employment opportunities and professional licensing restrictions, ineligibility for federal benefits and public housing, loss of second amendment rights, and severe reputational harm. (*Id.* at 8).

**LEGAL STANDARDS**

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (citing *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994)). *Coram nobis* is not a substitute for appeal and may be used to correct only the most fundamental errors. *Dyer*, 136 F.3d at 422 (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). "[C]ourts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). The Supreme Court has noted that it "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

A petitioner seeking the writ must show: (1) a continuing civil disability as a consequence of her prior conviction, *Castro*, 26 F.3d at 559; that (2) she exercised "reasonable diligence in seeking prompt relief," *Dyer*, 136 F.3d at 427 (internal quotations omitted) (citing *Morgan*, 346 U.S. at 512); (3) no other remedy is available, *id.* at 422 (citing *Morgan*, 346 U.S. at 512); and (4) unless relief is granted, there will be "a complete miscarriage of justice," *Castro*, 26 F.3d at 559.

To establish his entitlement to the writ, Trudeaux must, *inter alia*, provide "sound reasons" for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under Section 2255 while he was still in custody. *Esogbue*, 357 F.3d at 535. An assertion that he would have been unable to satisfy the stringent standards for filing a successive Section 2255 motion while he was in custody is not such a "sound reason." *Id.* (citations omitted). Further, the "regurgitation" of claims previously presented in a Section 2255 motion, or

the presentation of claims that reasonably could have been so raised, does not amount to "the necessary showing of a complete miscarriage of justice." *Id.*; *United States v. Deberry*, 481 F. App'x 885, 886 (5th Cir. 2012) (unpublished opinion).

## DISCUSSION

Trudeaux has failed to meet the requirements imposed upon petitioners who request the extraordinary remedy of *coram nobis* relief. The pending *coram nobis* Petition largely re-asserts claims that were presented and denied in Trudeaux's previous *coram nobis* proceeding. Insofar as Trudeaux asserts new claims, he fails to demonstrate entitlement to *coram nobis* relief.

Once again, Trudeaux cannot make the showing of a complete miscarriage of justice because his conflict-of-interest claim has already been fully litigated in a § 2255 motion, and he fails to establish sound reasons why he did not seek permission to assert his remaining claims in a petition under § 2255 while he was still in custody. Trudeaux states he did not become aware of some of the grounds of prosecutorial misconduct until his evidentiary hearing on the § 2255 motion. This is unavailing because the evidentiary hearing took place on December 20, 2011, and Trudeaux remained in custody until the conclusion of his supervised release in September 2016. *See United States v. Miller*, 546 F. App'x 335, 336 (5th Cir. 2013) (citations omitted) (petitioner serving term of supervised release does not satisfy the "no longer in custody" requirement for filing a writ of coram nobis). Trudeaux fails to establish sound reasons why he did not seek permission to assert the claims in a successive § 2255 petition while in custody. Accordingly, Trudeaux cannot establish that there will be a complete miscarriage of justice unless *coram nobis* relief is granted.

Moreover, Trudeaux once again fails to establish that he exercised reasonable diligence in seeking prompt relief. Trudeaux attempts to excuse the filing delay by pointing to personal

6

challenges he began experiencing during his previous *coram nobis* proceeding, which commenced in 2022. However, Trudeaux's term of supervised release ended in 2016. Even if he could justify the delay in asserting claims in a *coram nobis* petition from 2022 to the present, he does not justify the delay from 2016-2022. *See United States v. Lockhart*, 165 F.4th 933, 937 (5th Cir. 2026) (petitioner who filed a *coram nobis* action six years after his term of supervised release ended was not reasonably diligent in seeking prompt relief); *Chico v. United States*, 703 F. App'x 292, 294 (5th Cir. 2017) (an unexplained two-year delay in filing a coram nobis petition failed to demonstrate reasonable diligence). Accordingly, Trudeaux cannot demonstrate reasonable diligence in seeking prompt relief.

Finally, even assuming purely for the sake of argument that Trudeaux could establish a continuing civil disability as a consequence of his prior conviction, he plainly fails to meet the remaining requirements. Accordingly, Trudeaux's request for *coram nobis* relief is denied.

## CONCLUSION

Trudeaux fails to demonstrate entitlement to *coram nobis* relief. Accordingly,

**IT IS ORDERED** that Petitioner David Trudeaux's Petition for Writ of Error *Coram Nobis* (ECF No. 1) is **DENIED**.

7

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

**SIGNED** the 28th day of May 2026.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

8